Claudea J. DAVIS, Plaintiff–Appellant,

v.

BELLSOUTH
TELECOMMUNICATIONS, INC.,
Defendant–Appellee.

No. 02–5033.

United States Court of Appeals,
Sixth Circuit.

March 10, 2003.

Before MARTIN, Chief Judge;
ROGERS, Circuit Judge; and
EDMUNDS, District Judge.*

*ORDER*

Claudea J. Davis appeals a district order that granted summary judgment for the defendant in her employment discrimination suit. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Davis claimed that BellSouth Telecommunications, her former employer, fired her for racially-discriminatory reasons in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. She also claimed that, during her employment, BellSouth failed to accommodate her poor eye-sight in violation of the Americans with Disabilities Act ("ADA"). Finally, she averred that BellSouth intentionally inflicted severe emotional distress upon her.

In an initial order, the district court dismissed Davis's state tort and § 1981 claims as barred by their applicable statutes of limitation. The district court thereafter granted the defendant's motion for summary judgment on the remaining claims, concluding: (1) that Davis failed to file timely her ADA claim; (2) that Davis failed to make a prima facie case of race discrimination; and (3) that–if it were assumed that Davis could present a prime facie case of discrimination–unrebutted evidence showed that the defendant fired Davis for the non-pretextual reason of excessive absenteeism.

In her timely appeal, Davis argues that the district court erred in dismissing her suit.

Two initial matters deserve brief treatment. First, Davis has failed to brief and has therefore waived any arguments she might have made concerning the dismissal of her claims brought pursuant to the ADA, Tennessee tort law, or § 1981. *Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996) (concerning waiver by failure to brief). Although Davis makes a single oblique reference to the ADA in her initial brief, she merely states in a conclusional manner that she believes the defendant violated the Act. This statement ignores that the district court dismissed her claim as untimely, and it fails to rise to the level of an argument. *See* Fed. R.App. P.

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

28(a)(9) (requiring that an argument contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

Second, for the first time on appeal Davis asks us to review BellSouth's attendance policy and declare it vague as a matter of law. Although a copy of the attendance policy is part of the district court record, Davis's void-for-vagueness contention is notably absent. Also absent is any exceptional circumstance that would compel us to address an issue raised for the first time on appeal. *Enertech,* 85 F.3d at 261 (6th Cir.1996).

Upon review of Davis's Title VII contentions, we conclude that the district court properly determined that Davis failed to submit evidence "that the legitimate reasons offered by the defendant were … a pretext for discrimination." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Accordingly, we AFFIRM the district court's judgment for the reasons stated by Judge Gibbons in the order entered on November 14, 2001.